### DRAKE v. WOODFORD.

(*Supreme Court, General Term, First Department.* October 24, 1890.)

INTERPLEADER—WHEN ALLOWED.

Money owing from W. to S. was claimed by one as assignee of S., and by another by virtue of supplementary proceedings against S. *Held*, that W. was entitled to an order of interpleader, although he had promised to pay the money to the assignee.

Appeal from special term, New York county.

Action by John R. Drake against Stewart L. Woodford. On the application of defendant, an order was made substituting Irving Grinnell and George S. Bowdoin, as executors of Moses H. Grinnell, deceased, as defendants. From this order plaintiff appealed.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Joseph A. Thompson*, (*Roger M. Sherman*, of counsel,) for appellant. *Edward M. Grant*, (*Wm. H. Arnoux*, of counsel,) for respondent.

VAN BRUNT, P. J. There seems to be no reason shown for interference with the order appealed from. The defendant Woodford is indebted to Sherman in a certain sum. The plaintiff herein claims it as assignee of Sherman. The substituted defendants claim it as judgment creditors of Sherman, having instituted supplementary proceedings against Sherman. The respondent asks to interplead these two claimants. He cannot pay either with safety, and the only reason urged by the appellant why interpleader should not be ordered is that he promised to pay the plaintiff. This promise, independent of the debt due Sherman, was without consideration, and void; and if other claimants intervene, and the respondent cannot with safety comply, interpleader should be ordered. The order should be affirmed, with $10 costs and disbursements. All concur.